IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY S. LYNCH,<br><br>   Petitioner,<br>v.<br><br>TOM FELKER, Warden,<br><br>   Respondent. | No. C 08-02962 SBA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY**<br><br>(Docket no. 6) |

  Petitioner Jeffrey Lynch, a state prisoner, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges claims based on prosecutorial misconduct, ineffective assistance of counsel, and factual innocence.

  Before the Court is Respondent's motion to dismiss on the ground that it is time-barred under 28 U.S.C. § 2244(d), the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner filed an opposition to the motion, and Respondent filed a reply.

  Having considered all of the papers filed by the parties, the Court GRANTS Respondent's motion to dismiss.

**BACKGROUND**

  Petitioner was convicted at a bench trial of willfully inflicting corporal injury on a cohabitant. (Resp't Ex. 1 at 3.) The trial court found that Petitioner had three previous serious felony convictions and, on November 16, 1995, sentenced him to 25 years to life in state prison under California's Three Strikes Law. (Id. at 2-3; Resp't Ex. 3 at 2.) On April 8, 1997, the California Court of Appeal affirmed Petitioner's conviction. (Resp't Ex. 1 at 1.) On June 18, 1997, the California Supreme Court denied his petition for review. (Resp't Ex. 2.)

  On November 18, 1997, Petitioner filed a petition for a writ of habeas corpus in the Santa Clara County Superior Court. (Resp't Ex. 3 at 1.) The court denied the petition on April 16, 1998. (Resp't Ex. 4.) On May 27, 1998, Petitioner appealed the superior court's denial to the California Court of Appeals. (Resp't Ex. 5 at 1.) The court treated the appeal as a habeas petition and denied the petition on March 16, 2000. (Resp't Ex. 6 at 1-2.) On March 29, 2000, Petitioner filed a petition

for review in the California Supreme Court. (Resp't Ex. 5 at 3.) The supreme court denied the petition for review on June 2, 2000.

On April 19, 2007, Petitioner filed a habeas petition in the California Supreme Court. (Resp't Ex. 9 at 1.) The court denied the petition on November 28, 2007. (Resp't Ex. 10.)

On June 10, 2008,[1] Petitioner filed the instant federal habeas petition. The federal court file stamped the petition on June 16, 2008.

## DISCUSSION

The AEDPA, which became law on April 24, 1996, imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year

---

[1] A pro se federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2000), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts). June 10, 2008 is the date Petitioner's federal habeas petition was signed and the earliest date that the petition could have been delivered to prison authorities for mailing; therefore, it will be deemed filed on that date.

limitations period begins to run on the date the 90-day period defined by Supreme Court Rule 13 expires. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The one-year period is calculated according to the general rule for counting time in federal courts, Rule 6(a) of the Federal Rules of Civil Procedure. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). That is, "the day of the act, event, or default from which the designated period of time begins to run shall not be included" in the one-year limitations period. Fed. R. Civ. P. 6(a). This is referred to as the "anniversary method" because, absent any tolling, the expiration date of the limitations period will be the same date as the triggering event in the following year. Patterson, 251 F.3d at 1246.

In this case, Petitioner's conviction became final on September 16, 1997, when the time to file a petition for writ of certiorari in the Supreme Court expired. Accordingly, Petitioner was required to file his federal habeas petition no later than September 16, 1998. See 28 U.S.C. § 2244(d). Therefore, his petition filed on June 10, 2007 -- more than ten years after the limitations period had expired -- is untimely unless an exception to the statute of limitations applies.

**I.    Statutory Tolling**

The present petition may nonetheless be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. In California, where prisoners generally use the state's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25.[2]

---

[2] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999).

Petitioner filed his state habeas petition in the Santa Clara County Superior Court on November 18, 1997, sixty-two days after the one-year limitations period began to run on September 16, 1997. At this time, 303 days (365 days minus 62 days) of the limitations period remained. Petitioner diligently pursued collateral review in state court until the California Supreme Court denied his petition for review on June 2, 2000. Accordingly, he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) from November 18, 1997 to June 2, 2000.

Petitioner did not file his next habeas petition until April 19, 2007, six years and ten months after his previous petition was denied. He does not argue that he is entitled to statutory or equitable tolling of this approximately seven-year gap. Therefore, the statute of limitations began to run again following the denial of review of his first habeas petition by the California Supreme Court on June 2, 2000. It expired 303 days later on April 1, 2001.

A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed, even if the state petition was timely filed). Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. See Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (once the limitations period has expired, collateral petitions can no longer serve to avoid the statute of limitations). Here, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) for the time his second habeas petition was pending because the limitations period had already run, six years earlier, on April 1, 2001.

Accordingly, statutory tolling is not sufficient to overcome the time bar to Petitioner's federal habeas petition.

## II. **Actual Innocence**

---

Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the appellate court. Id. If the appellate court denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. Id. at 1006 n.3.

Notwithstanding the untimeliness of his petition, Petitioner argues that he is still entitled to argue the merits of the claims in his petition under the "actual innocence" exception. The actual innocence gateway established in Schlup v. Delo, 513 U.S. 298 (1995), may be available to a petitioner whose petition is otherwise barred by the AEDPA's limitations period. See Majoy v. Roe, 296 F.3d 770, 776-77 (9th Cir. 2002) (implying that unavailability of actual innocence gateway would raise serious constitutional concerns and remanding to district court for a determination of whether actual innocence claim was established before deciding whether gateway is available under AEDPA). For purposes of this Order, the Court will assume that actual innocence, if established according to the Schlup standard, would avoid the statute of limitations bar.

The "actual innocence" or "miscarriage of justice" exception arose in the context of procedural bars: If a state prisoner cannot meet the cause and prejudice standard to escape a procedural bar, a federal court may still hear the merits of the successive, abusive or procedurally defaulted claims if failure to hear the claims would constitute a "miscarriage of justice." See Sawyer v. Whitley, 505 U.S. 333, 339-340 (1992) (citations omitted); see also Majoy, 296 F.3d at 776-77. The Supreme Court limits the "miscarriage of justice" exception to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)); see, e.g., Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001) (petitioner must establish factual innocence in order to show that a fundamental miscarriage of justice would result from application of procedural default). Under this exception, a petitioner may establish a procedural "gateway" permitting review of defaulted claims if he or she demonstrates "actual innocence." Schlup, 513 U.S. at 316 & n.32. Thus,

> [i]f a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim.

Id. at 316.

"To be credible, such a claim requires petitioner to support his allegations of constitutional

error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup, 513 U.S. at 324. The "new" evidence need not be newly available, just newly presented -- that is, evidence that was not presented at trial. Griffin v. Johnson, 350 F.3d 956, 961 (9th Cir. 2003).

It is not enough that the new evidence show the existence of reasonable doubt; rather, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him." Schlup, 513 U.S. at 329; see also Van Buskirk v. Baldwin, 265 F.3d 1080, 1084 (9th Cir. 2001). Thus, "actual innocence" means factual innocence, not merely legal insufficiency. Bousley v. United States, 523 U.S. 614, 623-24 (1998) (citing Sawyer, 505 U.S. at 339).

A petitioner need not always affirmatively show physical evidence that he or she did not commit the crime. Gandarela v. Johnson, 286 F.3d 1080, 1086 (9th Cir. 2002). A petitioner may pass through the Schlup gateway by producing evidence "that significantly undermines or impeaches the credibility of witnesses presented at trial, if all the evidence, including new evidence, makes it 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Id. (quoting Schlup, 513 U.S. at 327).

Here, Petitioner's newly presented evidence consists of a letter, dated March 29, 1998 and addressed to the trial judge, written by Michele Ashford, the victim of the crime for which he was convicted. (Resp't Ex. 9, Habeas Petition to the Supreme Court of California at Ex. A.) Ashford testified at trial that on April 25, 1995, Petitioner repeatedly punched her in the face, causing her to black out. (Resp't Ex. 1 at 4.) In her letter, Ashford stated,

> Prior to 1995, [Petitioner] and I had been together approx. 12 yrs. During that time, [Petitioner] had never put his hands or anything else of that sort on me. At that time we were not seeing eye-to-eye. Quality time, communication, our relationship on a one on one basis was going in the pits. For the simple fact, [Petitioner] was constantly working to provide for/pick up the unfinished pieces.
>
> As far as [the prosecutor], I feel like she misled and portrayed [sic] me, only to get [Petitioner] a 25 with an L sentence. She stated that, her agency would provide fund$ [sic] for my family and I to move, or to do this or that, only if I testified against [Petitioner]. I was under the impression that, he would get a 3 to 5 yr. sentence. However, I testified and her agency provided nothing for my family, or myself. Then, Jeff was sentenced to 25 yrs. All at the same time, I failed realize [sic] that I would eventually rob [my son] of his relationship with his father. As well as support

& provision(s) [sic].

Jeff is a good man. He's a provider, a hard worker, caring person, and he's a father. He really doesn't deserve to serve 25 yrs. in a state prison. He needs to be out working, providing, developing a bondful relationship with his sons. I'm asking/requesting for his strikes to be lifted. I believe that he has changed, as well as, addressing his anger issues. In time people do change.

(Resp't Ex. 9, Habeas Petition to the Supreme Court of California at Ex. A)

Even assuming that Ashford's letter is reliable evidence, it fails to disturb the Court's confidence in the outcome of Petitioner's trial. Ashford carefully limits her statement to say that Petitioner had never laid hands on her prior to 1995.[3] She apparently felt that Petitioner deserved a three-to-five-year sentence, just not sentence of 25 years. In attempting to persuade the trial judge to reduce Petitioner's sentence, she omits the most obvious and compelling argument -- that Petitioner is actually innocent. Instead, Ashford requests that the judge lift Petitioner's previous strikes because of his rehabilitative progress. Her reference to Petitioner's "anger issues" is also telling. Ashford's letter tends to confirm her trial testimony rather than contradict it. Furthermore, Ashford claims that the prosecutor reneged on a bargain to pay her in exchange for her testimony. This is a serious allegation of prosecutorial misconduct, but, if true, it represents a procedural error, not a factual one. In order to enter the "actual innocence gateway," Petitioner must show that factual innocence, not merely procedural error. See Bousley v. United States, 523 U.S. 614, 623-24 (1998).

Petitioner's new evidence fails to make it "more likely than not that no 'reasonable juror' would have convicted him." Schlup, 513 U.S. at 329. Accordingly, the Court finds that the actual innocence exception does not apply to Petitioner; therefore, his petition is barred as untimely.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (docket no. 6) is GRANTED. This action is DISMISSED WITH PREJUDICE.

The Clerk of the Court shall terminate all pending motions, enter judgment, and close the

---

[3] Ashford's letter was not signed under penalty of perjury. Because the letter tends to confirm rather than contradict her trial testimony, the Court need not address the issue of its reliability.

7

file.    This Order terminates Docket no 6.

IT IS SO ORDERED.

DATED: 8/31/09

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE

**United States District Court**
For the Northern District of California

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY S. LYNCH,

        Plaintiff,

v.

TOM FELKER et al,

        Defendant.

Case Number: CV08-02962 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 1, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffrey Stuart Lynch E41568
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127-3030

Dated: September 1, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Lynch2962.grantMTD(sol).frm    9